UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

U.S. B... ...URT
WESTE... ...
2010 JUL 12 A 10: 18
DAVID E. WEICH
CLERK BY: CCH

| | |
|---|---|
| IN RE: ) | CASE NO 10-31775 |
| MARK G. ANDERSON ) | CHAPTER 7 |
| KATHLEEN D. ANDERSON ) | |
| DEBTORS ) | |
| ) | OBJECTION TO MOTION FOR |
| PNC MORTGAGE, A DIVISION OF ) | RELIEF FROM STAY AND |
| PNC BANK, N.A. ) | REQUEST FOR HEARING |
| MOVANT ) | |
| VS. ) | |
| MARK G. ANDERSON AND ) | |
| KATHLEEN D. ANDERSON ) | |
| RESPONDENTS ) | |

The debtor and respondents, Mark G. Anderson and Kathleen D. Anderson, timely files their objection to the motion for relief from stay filed by the PNC Mortgage, a division of PNC Bank, N.A.

This objection is based on the following grounds:

1.      The movant, PNC Mortgage, lacks standing to bring a motion against the debtor's or the debtor's real property interests.   Debtor's second mortgage and deed of trust is with a party other than PNC Mortgage, and PNC Mortgage makes no allegation in its motion that it is the successor in interest to the correct mortgagee bank.

2.      Movant's calculation of the amount of debt and fair market value of the property is inaccurate and not supported by the evidence submitted.  Debtor requests a valuation of the subject property.

3.      Debtor would submit that notwithstanding movant's unsupported claim that the provisions of Federal Rule of Bankruptcy Procedure 401(a)(3) does not apply, that the provision of the Bankruptcy Code not be waived by the Court in this circumstance and that its provisions remain in full force and effect.

1

WHEREFORE, debtor requests the relief requested herein including but not limited to the following:

(a) That the movant's motion be subjected to a full and complete hearing on its merits in open Court;

(b) That the movant's motion be denied in its entirety; and

(c) For such other and further relief as the Court may deem just and equitable in the premises.

This the 12th day of July 2010

*/s/ Mark G. Anderson*
*/s/ Kathleen D. Anderson*
MARK G. ANDERSON
KATHLEEN D. ANDERSON
Debtor/Respondents
5225 Silchester Lane
Charlotte, NC 28215

## CERTIFICATE OF SERVICE

This to certify that on the 12th day of July, 2010, a true and complete copy of the above and foregoing was served on the following by hand delivery to the following address:

United States Bankruptcy Court
Bankruptcy Court Administrator
P.O. Box 34189
Charlotte, NC 28234-4189

This to certify that on the 12th day of July, 2010, a true and complete copy of the above and foregoing was served on the following by depositing in the United States mail with USPS Priority Mail Delivery Receipt No. _____ and addressed as follows:

Joseph J. Vonnegut
Attorney for Movant PNC Mortgage
P.O. Box 2505
Fayetteville, NC 28302

John W. Taylor
Chapter 7 Trustee
13777 Ballantyne
Suite 320
Charlotte, NC 28277

*/s/ Mark G. Anderson*
*/s/ Kathleen D. Anderson*
MARK G. ANDERSON
KATHLEEN D. ANDERSON
Debtor/Respondents

2

ANSWERS TO PARAGRAPHS 1-6

1.   On June 22, 2010, the Debtors filed a petition with the United States Bankruptcy Court for the Western District of North Carolina for relief under Chapter 7 of the United States Bankruptcy Code.

2.   This Court has jurisdiction over the Motion pursuant to the provisions of 11 U.S.C. §362 and Bankruptcy Rules 4001 and 9014. This Court has jurisdiction over this proceeding, pursuant to 28 U.S.C. §1334, the Referral Order entered herein by the Chief United States District Court Judge for the Western District of North Carolina and 11 U.S.C. §362. Bankruptcy Rules 4001 and 9014 apply. This matter is a core proceeding as defined in 28 U.S.C. §151 and 157(b) and to the extent that any non-core issues are raised , Debtors consent to the jurisdiction of this Court for determination of all issues, including non-core issues.

3.   John W. Taylor is duly appointed Trustee in the Debtors' Chapter 7 proceeding.

4.   On April 25, 2007, Kathleen D. Anderson executed a Deed of Trust Note ("Note") in the original principal amount of $294,400.00.

5.   Movant should produce the ORIGINAL (NOT COPY OF) "Note" and "Deed of Trust".

6.   Upon information and belief are vague terms used by the Movant. I have attached a copy of the Deed of Trust recorded in the Register of Deeds, Mecklenburg County, North Carolina, Instrument Number: 2007114932, Book: 22330, Page: 77, made May 31, 2007 for $55,200.00. Grantor: Kathleen D. Anderson

3

and Mark G. Anderson Grantee: National City Mortgage, National City Bank (why is the Grantee National City Bank, just when a little over a month ago on the first mortgage, Cobblestone Mortgage Corporation was the Grantee; Yet, National City Bank is supposedly the lender and supposedly held "the Note" or Deed of Trust for a time on both mortgages. Is not that predatory lending? Trustee and Beneficiary: Grant A. Whitney TR. National City Mortgage Loan Number 0005609692. Then National City Mortgage sold loan to Countrywide Bank (now Bank of America), Loan Number 178215223. See attached Countrywide Bank Mortgage Statement dated 2/17/2009 and Bank of America Statement dated 6/29/2010. National City Mortgage, National City Bank (now PNC Mortgage, a Division of PNC Bank, N.A. (PNC)) SALE OF MORTGAGE TO Countrywide Bank (now Bank of America), IS NOT RECORDED WITH THE Register of Deeds, Mecklenburg County, North Carolina. Their failure to do so is grounds for dismissal of foreclosure.

On the attached copy of "The Note" and the Deed of Trust the Lender is designated as Cobblestone Mortgage Corporation, NOT National City Bank. That would mean National City Bank does not hold "The Note" and Deed of Trust, therefore National City Bank (now PNC Bank) does not have the right to foreclose on our house. Why did they cover up by drawing a black line through National City Bank Loan Number: 0005522904 (for $294,400.00) on the copy of "The Note" and Deed of Trust (also blacked out on the copy of the Deed of Trust is other information and written in is Anderson and the number 238 circled) that was attached to their Motion For Relief From Stay for Case Number 10-31775 (HSB Case Number: 1038201 BK)?

Attached copy of Non-Sub Prime Loan Certificate and Exhibit A from Motion For Relief From Stay for Case Number 10-31775 (HSB Case Number: 1038201 BK) referencing North Carolina Commissioner of Banks File Number: 2009-173284, Servicer: National City Mortgage Co., Servicer Address: 3232 Newmark Drive, Miamisburg, OH 45342; Property Information: Address: 5225 Silchester Lane, Charlotte, NC 28215, Lien Status: 1, Property Vacant: Unknown, Owner Occupied: Unknown. My husband and I have had correspondence via telephone with National City Bank Servicers, PNC Bank Servicers filing for loan modifications. We received in the mail the following documents: Notice of Hearing Prior To Foreclosure, Motion For Relief From Stay for Case Number 10-31775 (HSB Case Number: 1038201 BK, Notice of Dismissal and a number of other documents. Prior to that, my husband and I did two sets of a three month Non-Curing Forbearance Agreement with Hutchens, Senter & Britton, P.A. representing National City Bank the first time, then PNC Bank, N.A. the second time, All of the afore mentioned law firm and banks were well aware that we were still living on the property and occupying the house; and trying to keep the property and house. North Carolina Commissioner of Banks File Number: 2009-173284 should not have noted Property Vacant: Unknown, Owner Occupied: Unknown. Exhibit A notes a Lien Status of 1. The Register of Deeds, Mecklenburg County, North Carolina does not show any liens against our property, 5225 Silchester Lane, Charlotte, NC 28215. I believe it should show 2 liens against our property. One lien for the first mortgage with National City Bank (now PNC Bank); and one lien for the second mortgage through Countrywide Bank (now Bank of America). There seems to be a lot of inaccurate and undocumented information concerning our mortgage with National City Bank (now PNC Bank). I believe there should be an in depth investigation concerning the right and proceedings of foreclosure on the property of 5225 Silchester Lane, Charlotte, NC 28215 of Kathleen D. Anderson and Mark G. Anderson.

Attached copy of document from Motion For Relief From Stay for Case Number 10-31775 (HSB Case Number: 1038201 BK) titled; "File a Motion", U.S. Bankruptcy Court Western District of North Carolina, Notice of Electronic Filing. Listed at the top of page 2 of that Notice is: Gilbert Barnett Weisman on behalf of Creditor Advanta Bank Corp in receivership of FDIC notices@becket-lee.com. There is not a detailed explanation of

4

whom he is and why he needs to be notified. of Motion For Relief From Stay for Case Number 10-31775 (HSB Case Number : 1038201 BK). I want to know what role he plays in the foreclosure process.

The Law Firm of Hutchens, Senter & Britton, P.A. submitted to Register of Deeds, Mecklenburg County, North Carolina, Instrument Number: 2010064748 (Document Detail page and two corresponding documents attached), Book: 25671, Page: 400 Grantors: Kathleen D. Anderson, Mark G. Anderson and National City Bank Grantees: Grant A. Whitney TR (Was Grant A Whitney present at the time of Substitution Trustee being assigned and would not he have to sign the off on the Substitution Document releasing his Trustee status?) and Substitute Trustee Services, Inc. that Substitute Trustee Services, Inc. be the Substitute Trustee for Instrument Number: 2007087217 (Document Detail page attached), Deed of Trust, Dated April 25, 2007, Book 22150, Page: 220, Grantors: Kathleen D. Anderson and Mark G. Anderson, Grantees: Cobblestone Mortgage Corporation (would not that make Cobblestone Mortgage Corporation the lender and holder of "the Note" and Deed of Trust?). Also, there is not a reason given for the need of requiring a Substitute Trustee. I believe this process is skewed and the reason behind this procedure should be investigated. It might be found that it is done to profit the Lender and the party representing the Lender; and not for an honest valid reason, like the previous Trustee retired or moved.

My husband and I are listed as Grantors on the Substitute Trustee document, along with National City Bank. Neither of us Granted, or were asked to Grant a Substitute Trustee, yet our names appear as Grantors. There seem to be some shady dealings going on. I would not have even known there was a Substitute Trustee assigned if I had not been perusing the Register of Deeds trying to find out why, when I called National City Mortgage, now PNC, to try and get a loan modification, the service representatives kept insisting they held/serviced our second mortgage, when we have been getting statements on a monthly basis from Countrywide Bank (now Bank of America). Every time I asked who our Lender was so I could see if they were participating in any of the programs, like Making Homes Affordable or just offering loan modifications through an in house program, they touted on their website of how they and all these other programs and organizations, non-profits (which are all backed by the government, banks and mortgage companies who do not seem to be helping anyone that I know, and never here on the news how anyone was helped), the representatives told me they were not allowed to tell me because the person who held our mortgage did not want to be bothered by the borrowers. Now that it is foreclosure time, all of a sudden National City Mortgage/PNC is the lender and holds "the Note" and the Deed of Trust and can assign hearing dates, foreclosure dates, Substitute Trustees and choose not to notify us at all, or wait days, weeks or months to inform us of the dates. Between National City Mortgage / PNC Bank and Countrywide Bank / Bank of America, we have applied for six loan modifications to no avail.

I believe it is a SERIOUS CONFLICT OF INTEREST that The Law Firm of Hutchens, Senter & Britton and Substitute Trustee Services, Inc. has the same principle address and mailing address. See attached North Carolina Department of the Secretary of State Corporation Names documents.

Attached is a two page "NOTICE OF DISMISSAL" stating: This Special Proceeding is hereby voluntarily dismissed pursuant to Rule 41(a) of the Rules of Civil Procedure without prejudice. What Special Proceeding are they referring to? Should not they define in the body of the "Notice of Dismissal" exactly what is being dismissed? I believe it should be DISMISSED "WITH PREJUDICE" since we are filing for Chapter 7 Bankruptcy. The Dismissal is signed by SUBSTITUTE TRUSTEE SERVICES, INC., SUBSTITUTE TRUSTEE C.T. Sayler ATTORNEY AT LAW, THE LAW FIRM HUTCHENS, SENTER & BRITTON,

P.A., ATTORNEYS FOR SUBSTITUTE TRUSTEE SERVICES, INC. That makes them attorneys for their own company! Does not that constitute fraud?

See also North Carolina Department of the Secretary of the State Corporate Filings document for: Substitute Trustee Services, Inc. and take note of dates: 10/6/2009 a Revenue Suspension was issued and on 10/26/2009 a Reinstatement Following Revenue Suspension was issued. the NOTIFICATION OF REVENUE SUSPENSION and CERTIFICATE OF REINSTATEMENT are attached.

One of my concerns is that the APPOINTMENT OF SUBSTITUTE TRUSTEE document is not dated except for the date (June 4, 2010) in the Register of Deeds stamp and the date on the notarized document is September 16, 2009 (which is just under three weeks prior to Substitute Trustee Services, Inc. NOTIFICATION OF REVENUE SUSPENSION). In addition to the dates not even being remotely close, there is not any information on either document that cross references them to each other. With all the discrepancies in the paperwork, I am concerned about multiple fraudulent practices.

I do not understand how National City Bank can be a Grantor on one document and a Grantee on another pertaining to the same case. It seems like a fraudulently convenient system.

I have read numerous articles on how mortgages and credit card debt were bundled, sold to investors on Wall Street, and there could be numerous investors who own the same mortgage, and in haste the proper procedures and documentation were not followed, so now there is a lot of information unaccounted for. I am concerned that may be the case with my mortgage.

Also attached is a USFN article by H Terry Hutchens attached that is about how to get around Substituting Trustees without any repercussions and how North Carolina has long been somewhat of an anomaly to the rest of the country so far as its' foreclosure rules are concerned. It also sounds like the State Bar plays by its' own rules and what is most beneficial and profitable to them.

Attached is a document about Hutchens, Senter & Britton Attorneys titled "Foreclosure". Note paragraph five reads; Through extensive work in the field, we have built strong channels of trust and communication with the clerks of court throughout the state who know they can rely on the accuracy of our work. That is another major conflict of interest.

This the 12th day of July 2010

*Mark D Anderson*
*Kathleen D. Anderson*
MARK G. ANDERSON
KATHLEEN D. ANDERSON
Debtor/Respondents
5225 Silchester Lane
Charlotte, NC 28215

CERTIFICATE OF SERVICE

This to certify that on the 12th day of July, 2010, a true and complete copy of the above and foregoing was served on the following by hand delivery to the following address:

6

United States Bankruptcy Court
Bankruptcy Court Administrator
P.O. Box 34189
Charlotte, NC 28234-4189

This to certify that on the 12th day of July, 2010, a true and complete copy of the above and foregoing was served on the following by depositing in the United States mail with USPS Priority Mail Delivery Receipt No. _____ and addressed as follows:

Joseph J. Vonnegut
Attorney for Movant PNC Mortgage
P.O. Box 2505
Fayetteville, NC 28302

John W. Taylor
Chapter 7 Trustee
13777 Ballantyne
Suite 320
Charlotte, NC 28277

MARK G. ANDERSON
KATHLEEN D. ANDERSON
Debtor/Respondents